The opinion of the Court was delivered by
WITHERS, J.
In his declaration the plaintiff demands damages for breach of contract in the non delivery of ice at Aiken. No special damages are laid, and it'is conceded none can be recovered in this action for want of such averment.
Nevertheless the plaintiff’s attorney caused a commission to be issued for the procurement of testimony at Edgefield Court House, with a view to establish special damage resulting from the uncontested default of the defendant in the non delivery of the ice, as in duty bound: and the expense of procuring such testimony (comprising attorney’s tax costs upon commission issued, and compensation to commissioners, amounting to thirty-eight dollars and fifty-six cents), has been charged and allowed against the defendant: and the ground of appeal questions the liability of the defendant to respond to this item of the costs, upon the ground, that the testimony was wholly irrelevant to *155 any issue joined: that this was obvious from the beginning and arose from nothing ex post facto, (as it is argued): and that, in fact, the testimony was ruled out ujtfon the footing of irrelevancy.
According to our cases, costs are not taxable for a witness who was interested in the event of the suit, though subpoenaed regularly and examined at the trial after release had made him competent, (Rice and Craven vs. Palmer, 2 Bail. 117,) nor for witnesses who were subpoenaed, but not sworn, unless it be shown, satisfactorily, that they were material to the issue, or summoned in good faith in the belief that they were, (Taylor v. McMahon, 2 Bail. 131) but costs are taxable upon commissions containing testimony material but not adduced, because the course of the adverse party had supplied such testimony, or superseded the use of it; and full costs are demandable, where resort is had to the superior jurisdiction under circumstances going to show the good faith of the plaintiff in that particular, and that he did not act wantonly, though the sum recovered should be within the summary jurisdiction. (Furman & Smith vs. Peay, 2 Bail. 612). And notwithstanding the English rule was, when Hullock wrote (vide his Law of Costs p. 437) that “ the costs of examining witnesses on interrogatories are always borne by the party obtaining the rule for such examination, and do not abide the event of the cause, unless so ordered by the oourt,” yet it has been adjudged here (Kirkley vs. Nolley, Hill, 1398) that the necessary costs of executing a commission, as money properly paid to commissioners and to witnesses for attending upon them, may be taxed against a losing party on a judgment carrying costs, this not being in conflict with the Act of 1827.
There is nothing in our cases, above cited, that warrants the taxation of the costs in question against the Railroad: their bearing is adverse to that conclusion. In the moral aspect there is no doubt the commission to Edgefield was issued in good faith; but it can not be assumed, that the testimony procured was believed to be pertinent and admissible, upon any *156 issue made in the record; nor was the testimony in fact received. There is, indeed, a peculiarity in the present case, to wit, that the costs are the plaintiff’s attorney’s, and compensation to those who procured irrelevant testimony, not costs for a witness attending and actually examined, whose testimony, upon a nice scrutiny, may have been found objectionable.
This plaintiff’s claim is rather less favored by the spirit of English adjudication than by our own. See, for example, Lopes v. De Tastel, 2 Brod. & Bing. 292 (7 Eng. Com. L. It. 441). The action was against agent for misfeasance, count for trover also with allegation of special damage: plaintiff failed except upon the naked count in trover; the count, in banc, disallowed the claim for costs on any part of the pleadings but the bare count in trover; and this, though the plaintiff urged that the whole declaration was bona fide, framed with a view to trial, and that witnesses attended in support of every part: and insisted especially upon costs for evidence adduced as to special damage, since that was part of the count in trover which was sustained by the verdict, excluding special damage. So in Severn v. Olive, 2 Brod. & Bing. 72, (7 Eng. Com. L. R. 353) the expense of experiments necessary to afford evidence on a point in dispute, and new to scientific men, and resorted to by both parties, was not allowed as tax costs for the party prevailing. It was, however, ruled in Rushworth v. Wilson, 1 Barn. & Cress. 267, (8 Eng. Com. L. R. 73) that where there is reasonable ground for supposing that the evidence of a witness will be admissible thehnaster may allow his expenses as tax costs against the other party.
The testimony now in question was Hot objected to when the commission issued: it is the better practice to make the objection then; for it is not unfrequent for some of this court, at least, to hold upon circuit, that where the vfhole ground of competency and the reverse can be surveyed, the objections, which can be then intelligently made, should be filed when the commission goes. It may save expense and complaint of surprise.
*157 The motion is granted; and it is ordered that the taxation of costs be reformed so as to exclude thirty-eight dollars and fifty-six cents, the amount of costs and expense on the commission in question, from the aggregate taxed against the defendant.
O’Neall, Wardlaw, Whitner, Glover and Munro, JJ„ concurred.

Motion granted.